# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8677 | **DATE** | 11/6/2012 |
| **CASE TITLE** | Petrovic vs. Enterprise Leasing Co et al | | |

**DOCKET ENTRY TEXT**

Because Plaintiff's Complaint fails to state a claim upon which relief may be granted, the Court denies Plaintiff's motion to proceed in forma pauperis [3] and motion for appointment of counsel [4] and dismisses this lawsuit in its entirety. *See* 28 U.S.C. § 1915(e)(2).

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On October 30, 2012, pro se Plaintiff David Petrovic filed the present Complaint against Defendants Enterprise Leasing Company of Chicago, Enterprise Rent-A-Car Company, and Enterprise Holdings, Inc. (collectively "Enterprise"), along with certain private individuals. Petrovic also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee and moves for appointment of counsel. *See* 28 U.S.C. § 1915(a)(1). Because Petrovic's Complaint fails to state a claim upon which relief may be granted, the Court denies his motion to proceed in forma pauperis and motion for appointment of counsel and dismisses this lawsuit in its entirety. *See* 28 U.S.C. § 1915(e)(2).

### LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Petrovic's financial status and review his allegations to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if he is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal of in forma pauperis cases set forth in 28 U.S.C. § 1915(e)(2)(B)). In determining whether a complaint fails to state a claim, the Court takes all well-pleaded allegations as true and views them in a light most favorable to the plaintiff. *See Barnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). In addition, "a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.*

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

Construing his pro se allegations liberally, *see Gomez v. Randle,* 680 F.3d 859, 864 (7th Cir. 2012), Petrovic brings numerous federal claims against Defendants, including a reverse discrimination claim, in relation to an incident that happened on October 31, 2008 when Petrovic attempted to rent a car from Enterprise and the resultant loss of his luggage and $1,400 in cash. Petrovic seeks $93 million in damages.

First, Petrovic cannot bring any claims under Title VII of the Civil Rights Act of 1964 because Petrovic has not alleged that any of the Defendants were his employer. *See* 42 U.S.C. § 2000e(b). In fact, Petrovic admits in his Complaint that he has never worked for Enterprise. Also, a putative Title VII plaintiff may not bring claims in federal court without first presenting his claims to the EEOC, which Petrovic has not done. *See Swearnigen-El v. Cook County Sheriff's Dept.,* 602 F.3d 852, 864 (7th Cir. 2010).

Second, Petrovic's claims brought under the Americans with Disabilities Act of 1990 ("ADA") fail. Because Defendants are not Petrovic's employer, the Court turns to Title II of the ADA, which applies to public services and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132; *Wisconsin City. Serv., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006). Title II clarifies that "public entity" refers to: (1) "any State or local government;" (2) "any department, agency ... or other instrumentality of a State ... or local government;" and (3) "the National Railroad Passenger Corporation, and any other commuter authority." *Id.* § 12131(1)(A)-(C); *see also United States v. Georgia,* 546 U.S. 151, 154, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006); *Radaszewski v. Maram,* 383 F.3d 599, 607 (7th Cir. 2004). Because Petrovic does not allege that any of the Defendants is a public entity, he has not sufficiently stated an ADA claim. *See Arnett,* 658 F.3d at 751.

Meanwhile, Petrovic's conspiracy claim brought pursuant under 42 U.S.C. 1985(3) fails because he has not alleged that any of the Defendants, who are private actors, conspired with a state actor to deprive him of his constitutional rights. *See Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir. 2009). Similarly, Petrovic brings a criminal conspiracy claim pursuant to 720 ILCS 5/8-2. Under Illinois law, however, the State's Attorney has the exclusive discretion to initiate and manage criminal prosecutions – not the victim or the criminal defendant. *See People v. Davis,* 213 Ill.2d 459, 478-79, 290 Ill.Dec. 580, 821 N.E.2d 1154 (2004). Also, Petrovic brings a claim under the Illinois Human Rights Act, but has failed to allege that he has taken the necessary procedural steps to file a case in federal court. *See* 775 ILCS 5/8-111.

Moreover, many of Petrovic's claims are untimely under the two year statute of limitations for claims brought under 42 U.S.C. § 1983, including his Thirteenth Amendment claim. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("In Illinois, the statute of limitations period for § 1983 claims is two years."). And, although Petrovic's claim brought pursuant to 42 U.S.C. §1981 is not time-barred under the applicable four year statute of limitations, *see Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012), his 42-page Complaint consists of allegations that do not support his reverse discrimination claim. In particular, to properly allege a reverse discrimination claim, a plaintiff must allege background circumstances that are sufficient to demonstrate that the defendant has a reason or inclination to discriminate invidiously against whites or that there is something "fishy" about the facts. *See Hague v. Thompson Distrib. Co.,* 436 F.3d 816, 821 (7th Cir. 2006). Here, viewing the allegations in a light most favorable to Petrovic, there is nothing fishy about Enterprise asking Petrovic to verify his income before renting him a car, especially because he was not paying with a credit card like the non-white individuals to whom Enterprise rented cars on October 31, 2008. As such, Petrovic has failed to state a claim upon which relief can be granted. *See Arnett,* 658 F.3d at 751.

