**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID PETROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 C 8677 |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| ENTERPRISE LEASING COMPANY OF | ) | |
| CHICAGO, LLC, and HANS USLAR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part and denies in part Defendants' motion to dismiss [37]. Plaintiff's Second Amended Complaint is due on or before December 20, 2014. Rule 26(a)(1) disclosures due on January 10, 2014. Written discovery should be issued by January 17, 2014. Status hearing set for February 4, 2014 is stricken and reset to January 22, 2014 at 8:30 a.m.

## STATEMENT

On July 31, 2013, Plaintiff David Petrovic filed a five-count Amended Complaint against Defendants Enterprise Leasing Company of Chicago, LLC ("Enterprise") and Hans Uslar ("Uslar") alleging that Defendants violated his right to make and enforce contracts under 42 U.S.C. § 1981, along with three state law claims. Before the Court is Defendants' motion to dismiss Counts I through IV of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion to dismiss Counts II and III with prejudice and Count IV without prejudice. The Court denies Defendants' motion to dismiss Count I.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). In ruling on a Rule 12(b)(6) motion, district courts may consider documents attached to the pleadings without converting the motion into a motion for summary judgment, as long as the documents are referred to in the complaint and central to the claims. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.1 (7th Cir. 2012). Also, although a plaintiff not need anticipate affirmative defenses, a plaintiff may plead himself out of court if the complaint sets forth facts establishing an affirmative defense. *See Peterson v. McGladrey & Pullen, LLP,* 676 F.3d 594, 600 (7th Cir. 2012).

## PROCEDURAL BACKGROUND

Plaintiff originally filed a pro se Complaint on October 30, 2012, that the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2) on November 6, 2012. Plaintiff appealed, and on May 9, 2013, the United States Court of Appeals for the Seventh Circuit remanded his claim under 42 U.S.C. § 1981, which prohibits private actors from discriminating on the basis of race against those seeking to make and enforce contracts. On July 6, 2013, the Court appointed Plaintiff counsel, and on July 31, 2013, Plaintiff, by counsel, filed the present Amended Complaint.

## FACTUAL BACKGROUND

In his Amended Complaint, Plaintiff alleges that he is a white male of Eastern European descent, who during the relevant time period had a visible physical disability. (R. 31, Am. Compl. ¶ 1.) Enterprise is a Delaware limited liability company qualified to do business in the State of Illinois. (*Id.* ¶ 2.) During the relevant time period, Enterprise operated an automobile rental business at 933 Skokie Boulevard in the Village of Northbrook, Illinois. (*Id.* ¶ 4.) Uslar was an employee and authorized agent of Enterprise at its Northbrook location. (*Id.* ¶ 5.)

On October 31, 2008, Plaintiff returned from a trip abroad, at which time he contacted Enterprise's Northbrook office to arrange for a rental vehicle. (*Id.* ¶ 5a.)[1] Thereafter, Plaintiff arranged for a ride to the Northbrook facility and, upon arrival, an unidentified Enterprise employee took his luggage and placed it in a white Chevrolet Blazer identified as an Enterprise vehicle. (*Id.* ¶ 7.) Plaintiff further alleges that this unidentified employee assured him that his luggage would be safe. (*Id.*)

Plaintiff then entered the Enterprise office to inquire about renting a vehicle and spoke with Uslar, the manager for the Northbrook Enterprise office. (*Id.* ¶ 8.) Immediately, Uslar made a comment about Plaintiff's use of a cane, after which Plaintiff responded that he had a disability and needed the cane to assist him with walking. (*Id.* ¶ 9.) In addition, Plaintiff

---

[1] There are two paragraphs numbered 5 in Plaintiff's Amended Complaint. The Court refers to the second paragraph 5 as 5a.

contends that Uslar made a derogatory comment about Plaintiff being white and disabled. (*Id.* ¶ 10.) Plaintiff also alleges that Uslar told him — "I cannot rent a car to you without having proof of income because you are white and disabled and not black and disabled." (*Id.*) Uslar then told Plaintiff, "I need to see a hard copy of your social security payments and stubs." (*Id.*) Plaintiff explained to Uslar that his disability payments were transferred electronically into his account, and thus he had no hard copy of his records. (*Id.* ¶ 11.) According to Plaintiff, Uslar continued to refuse to rent him a vehicle. (*Id.*)

Pausing from his discussion with Uslar, Plaintiff stepped aside and allowed other customers to go ahead of him. (*Id.* ¶ 12.) Plaintiff maintains that one customer was an African-American male and another customer appeared to be a Latino women, neither of whom had disabilities. (*Id.*) Uslar rented vehicles to these two individuals without asking for proof of insurance or verification of income. (*Id.* ¶¶ 12, 13.) Plaintiff then asked Uslar why he rented vehicles to the other customers, to which Uslar allegedly responded, "[b]ecause you are disabled and, worse, you are a white person and not a black person. I need to have proof of your income sources because white disabled people are always broke." (*Id.* ¶ 14.)

Plaintiff alleges that he then used an Enterprise computer, went on-line, and showed his bank account to Uslar, who refused to accept that his account was authentic. (*Id.* ¶ 15.) In addition, Plaintiff asserts that he offered to show Uslar his bank identification card, a United States passport, a Visa debit card, a Waukegan photo identification card, and his driver's license, but Uslar refused to rent Plaintiff a car stating "get your ass out" of the company computer area. (*Id.* ¶ 16.)

Thereafter, Plaintiff asked Uslar if he could help him retrieve his luggage and briefcase from the Chevrolet Blazer, but Enterprise had rented the vehicle with Plaintiff's items in it. (*Id.* ¶ 17.) Plaintiff asserts that one hour later the Chevrolet Blazer was returned to Enterprise, and although Plaintiff's luggage and briefcase were returned to him, $1,400 in cash that had been in the Plaintiff's briefcase was missing. (*Id.* ¶ 19.) Plaintiff then explained to Uslar and another Enterprise employee that his money was missing after which Uslar became angry and directed Plaintiff to leave the Enterprise premises. (*Id.*) An Enterprise employee drove Plaintiff to the Northbrook police department where Plaintiff reported his missing money. (*Id.* ¶¶ 19, 20.)

Based on these facts, Plaintiff alleges the following claims: (1) a violation of his right to make and enforce a contract pursuant to 42 U.S.C. § 1981 in Count I; (2) a common law intentional infliction of emotional distress claim in Count II; (3) a common law negligent infliction of emotional distress claim in Count III; (4) a common law wrongful conversion of personal property claim in Count IV; and (5) a claim for attorney's fees under 42 U.S.C. § 1988.

## ANALYSIS

### I. Violation of 42 U.S.C. § 1981 — Count I

In Count I of the Amended Complaint, Plaintiff alleges that Defendants' conduct "violated the provisions of the laws of the United States in that such conduct and activity constituted affirmative acts of discrimination against Plaintiff on the basis of both Plaintiff's ethnicity (white) and his visible disability, by having denied him the opportunity to conduct a business transaction and to make and enter into a contract for the rental of a vehicle from Enterprise." (Am. Compl. ¶ 24.)

In the present motion, Defendants do not move to dismiss Plaintiff's Section 1981 claim as it pertains to his race. Instead, they move to dismiss the portion of his claim that rests on his disability arguing that disability discrimination is not covered by Section 1981. In response, Plaintiff admits that his Section 1981 claim is based on his race and that his allegations of disability serve as background because Uslar's statements regarding his race were intertwined with comments about his disability. Because the parties agree that Plaintiffs' Section 1981 claim is based only on his race, the Court denies Defendants' motion to dismiss Count I of the Amended Complaint.

### II. Illinois Tort Claims — Counts II, III, and IV

Next, Defendants contend that Plaintiff's intentional and negligent infliction of emotional distress claims are untimely under the two-year limitations period for Illinois personal torts. *See* 735 ILCS 5/13-202. Plaintiff agrees that these tort claims are time-barred, and thus the Court grants Defendants' motion to dismiss Counts II and III with prejudice.

In Count IV of the Amended Complaint, Plaintiff alleges a wrongful conversion of personal property claim. Under Illinois law, "[t]o prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman,* 229 Ill.2d 104, 127, 890 N.E.2d 446, 461, 321 Ill.Dec. 724, 739 (Ill. 2008) (citation omitted). "Money may be the subject of conversion, but only if it is shown that the money 'at all times belonged to the plaintiff and that the defendant converted it to his own use.'" *Karimi v. 401 North Wabash Venture, LLC,* 952 N.E.2d 1278, 1285, 352 Ill.Dec. 52, 59 (1st Dist. 2011). In addition, the "subject of conversion must be 'an identifiable object.'" *Id.*

Here, Defendants attempt to show that Plaintiff's $1,400 is not an "identifiable object" because in the October 31, 2008 Northbrook police report — that is attached to Defendants' motion and mentioned in Plaintiff's Amended Complaint — Plaintiff stated that he was missing $1,000. This $400 difference, alone, does not defeat Plaintiff's conversion claim because the Court grants Plaintiff leave to amend his conversion allegations to remedy this discrepancy.

4

Plaintiff also attempts to amend his conversion claim in his response brief. Again, the Court grants Plaintiff leave to amend this claim to include these new allegations subject to counsel's Rule 11 obligations. Counsel must also keep in mind that conversion is an intentional tort requiring "an intentional exercise of dominion or control over the chattel." *Martel Enter. v. City of Chicago,* 223 Ill.App.3d 1028, 1032, 584 N.E.2d 157, 159, 164 Ill.Dec. 945, 947 (1st Dist. 1991) (quoting *In re Thebus,* 108 Ill.2d 255, 259, 483 N.E.2d 1258, 1260, 91 Ill.Dec. 623, 625 (1985)). Finally, Plaintiff's arguments based on his original complaint are misplaced because once he filed the Amended Complaint, it became the governing document in the case. *See Anderson v. Donahoe,* 699 F.3d 989, 997 (7th Cir. 2012). The Court therefore grants Defendants' motion to dismiss Count IV without prejudice.

**Dated:** December 10, 2013

_____
**AMY J. ST. EVE**
**United States District Court Judge**