**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID PETROVIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12 C 8677 |
| v. | ) |
| | ) Judge Amy St. Eve |
| ENTERPRISE LEASING COMPANY OF | ) |
| CHICAGO, LLC, HANS USLAR, and an | ) |
| UNNAMED EMPLOYEE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court grants Defendants' motion to dismiss Count II of the Second Amended Complaint without prejudice [49]. The Court grants Plaintiff leave to file a Third Amended Complaint in compliance with this Order by no later than March 10, 2014. In addition, the parties must exchange Rule 26(a)(1) disclosures by March 14, 2014 and issue written discovery by March 21, 2014. The Court strikes the March 3, 2014 status and moves the next status date to March 12, 2014 at 1:30 p.m.

## STATEMENT

On December 20, 2013, Plaintiff David Petrovic filed a Second Amended Complaint against Defendants Enterprise Leasing Company of Chicago, LLC ("Enterprise"), Hans Uslar ("Uslar"), and an Unnamed Employee ("Unnamed Employee") alleging that Defendants violated his right to make and enforce contracts under 42 U.S.C. § 1981 based on his race (Count I), along with a state law claim of conversion of personal property (Count II). Before the Court is Defendants' motion to dismiss Count II of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Defendants' motion to dismiss Count II without prejudice.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013); *see also Agnew v. National Collegiate Athletic Ass'n,* 683 F.3d 328, 334 (7th Cir. 2012) ("In reviewing the sufficiency of a complaint, we must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff.").

## PROCEDURAL BACKGROUND

Plaintiff originally filed a pro se Complaint on October 30, 2012, that the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2) on November 6, 2012. Plaintiff appealed, and on May 9, 2013, the United States Court of Appeals for the Seventh Circuit remanded his claim brought under 42 U.S.C. § 1981, which prohibits private actors from discriminating on the basis of race against those seeking to make and enforce contracts. On July 6, 2013, the Court appointed Plaintiff counsel, and on July 31, 2013, Plaintiff, by counsel, filed an Amended Complaint.

On December 10, 2013, the Court granted in part and denied in part Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's four-count Amended Complaint. In particular, the Court denied Defendants' motion to dismiss the Section 1981 claim because Plaintiff admitted that he was not basing his Section 1981 claim on his disability. The Court also dismissed Plaintiff's intentional and negligent infliction of emotional distress claims with prejudice because the claims were time-barred under the two-year limitations period for Illinois personal torts. Further, the Court granted Defendants' motion as to Plaintiff's conversion of personal property claim without prejudice, granting Plaintiff leave to amend his conversion claim. On December 20, 2013, Plaintiff, by counsel, filed the present Second Amended Complaint.

## FACTUAL BACKGROUND

In his Second Amended Complaint, Plaintiff alleges that he is a white male of Eastern European descent, who during the relevant time period had a visible physical disability. (R. 46, Second Am. Compl. ¶ 1.) Plaintiff further alleges that Enterprise is a Delaware limited liability company qualified to do business in the State of Illinois. (*Id*. ¶ 2.) During the relevant time period, Enterprise operated an automobile rental business at 933 Skokie Boulevard in the Village of Northbrook, Illinois. (*Id*. ¶ 4.) Defendant Hans Uslar was an employee and authorized agent of Enterprise at its Northbrook location. (*Id*. ¶ 5.)

On October 31, 2008, Plaintiff returned from a trip abroad, at which time he contacted Enterprise's Northbrook office to arrange for a rental vehicle. (*Id*. ¶ 5a.)[1] Thereafter, Plaintiff arranged for a ride to the Northbrook facility and, upon arrival, an Unnamed Employee took his luggage and placed it in a white Chevrolet Blazer identified as an Enterprise vehicle. (*Id*. ¶ 7.) Plaintiff further alleges that this Unnamed Employee assured him that his luggage would be safe. (*Id*.)

---

[1] There are two paragraphs numbered 5 in Plaintiff's Second Amended Complaint. The Court refers to the second paragraph 5 as 5a.

Plaintiff then entered the Enterprise office to inquire about renting a vehicle and spoke with Uslar, the manager for the Northbrook Enterprise office. (*Id*. ¶ 8.) Immediately, Uslar made a comment about Plaintiff's use of a cane, after which Plaintiff responded that he had a disability and needed the cane to assist him with walking. (*Id*. ¶ 9.) In addition, Plaintiff contends that Uslar made a derogatory comment about Plaintiff being white and disabled. (*Id*. ¶ 10.) Plaintiff also alleges that Uslar told him — "I cannot rent a car to you without having proof of income because you are white and disabled and not black and disabled." (*Id*.) Uslar then told Plaintiff, "I need to see a hard copy of your social security payments and stubs." (*Id*.) Plaintiff explained to Uslar that his disability payments were transferred electronically into his account, and thus he had no hard copy of his records. (*Id*. ¶ 11.) According to Plaintiff, Uslar continued to refuse to rent him a vehicle. (*Id*.)

Pausing from his discussion with Uslar, Plaintiff stepped aside and allowed other customers to go ahead of him. (*Id*. ¶ 12.) Plaintiff maintains that one customer was an African American male and another customer appeared to be a Latino women, neither of whom had disabilities. (*Id*.) Uslar rented vehicles to these two individuals without asking for proof of insurance or verification of income. (*Id*. ¶¶ 12, 13.) Plaintiff then asked Uslar why he rented vehicles to the other customers, to which Uslar allegedly responded, "[b]ecause you are disabled and, worse, you are a white person and not a black person. I need to have proof of your income sources because white disabled people are always broke." (*Id*. ¶ 14.)

Plaintiff alleges that he then used an Enterprise computer, went on-line, and showed his bank account to Uslar, who refused to accept that his account was authentic. (*Id*. ¶ 15.) In addition, Plaintiff asserts that he offered to show Uslar his bank identification card, a United States passport, a Visa debit card, a Waukegan photo identification card, and his driver's license, but Uslar refused to rent Plaintiff a car stating "get your ass out" of the company computer area. (*Id*. ¶ 16.)

Thereafter, Plaintiff asked Uslar if he could help him retrieve his luggage and briefcase from the Chevrolet Blazer, but Enterprise had rented the vehicle with Plaintiff's items in it. (*Id*. ¶ 17.) Plaintiff asserts that one hour later the Chevrolet Blazer was returned to Enterprise, and although Plaintiff's luggage and briefcase were returned to him, $1,400 in cash that had been in the Plaintiff's briefcase was missing. (*Id*. ¶ 18.) Plaintiff then explained to Uslar and another Enterprise employee that his money was missing after which Uslar became angry and directed Plaintiff to leave the Enterprise premises. (*Id*. ¶ 19.) An Enterprise employee drove Plaintiff to the Northbrook police department where Plaintiff reported his missing money. (*Id*. ¶¶ 19, 20.)

## ANALYSIS

In Count II of the Second Amended Complaint, Plaintiff alleges a wrongful conversion of personal property claim. Under Illinois law, "[t]o prove conversion, a plaintiff must establish that (1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Loman v. Freeman*, 229 Ill.2d 104, 127, 890 N.E.2d 446, 461, 321 Ill.Dec. 724,

739 (Ill. 2008) (citation omitted). "Money may be the subject of conversion, but only if it is shown that the money 'at all times belonged to the plaintiff and that the defendant converted it to his own use.'" *Karimi v. 401 North Wabash Venture, LLC*, 952 N.E.2d 1278, 1285, 352 Ill.Dec. 52, 59 (1st Dist. 2011). In addition, the "subject of conversion must be 'an identifiable object.'" *Id.*; *see also Bilut v. Northwestern Univ.,* 296 Ill.App.3d 42, 52, 692 N.E.2d 1327, 1334 (1st Dist. 1998).

First, Defendants argue that Plaintiff has failed to allege sufficient facts to demonstrate that Defendants intended to convert his property. Conversion is an intentional tort under Illinois law requiring "an intentional exercise of dominion or control over the chattel." *Martel Enter. v. City of Chicago*, 223 Ill.App.3d 1028, 1032, 584 N.E.2d 157, 159, 164 Ill.Dec. 945, 947 (1st Dist. 1991) (quoting *In re Thebus*, 108 Ill.2d 255, 259, 483 N.E.2d 1258, 1260, 91 Ill.Dec. 623, 625 (1985)). Although conversion is considered an intentional tort, "it does not require proof of malice, culpability, ... conscious wrongdoing" or "an intent to interfere with the rights of others." *Brodsky v. HumanaDental Ins. Co.*, No. 10 C 3233, 2011 WL 529302, at *6 (N.D. Ill. Feb. 8, 2011) (quoting *Martel*, 223 Ill.App.3d at 1032-33). Nevertheless, an act which is merely negligent is not sufficient to establish conversion. *See Martel*, 223 Ill. App. 3d at 1033 (citing Restatement (Second) of Torts § 223, comment *b,* at 436-37, § 224, comment *b,* at 437, comment *c,* at 438 (1965)).

Accepting Plaintiff's well-pleaded allegations as true, he has failed to set forth any specific facts that Defendants' actions were intentional and not merely negligent. While Plaintiff asserts that an Unnamed Employee acted with "clear intent" to deprive him of the possession of $1,400, Plaintiff does not provide any details how this employee's actions were intentional with respect to the $1,400. Without more, Plaintiff has failed to allege sufficient facts that his conversion claim is plausible on its face. *See Scott v. Chuhak & Tecson, P.C.,* 725 F.3d 772, 782 (7th Cir. 2013) ("Although a complaint 'does not need detailed factual allegations' to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain 'enough facts to state a claim for relief that is plausible on its face.'") (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court therefore grants Defendants' motion to dismiss Plaintiff's conversion claim, but also grants Plaintiff leave to amend his conversion allegations. This is Plaintiff's last chance to properly allege his conversion claim. *See Agnew*, 683 F.3d at 347.

Finally, Defendants argue that Plaintiff's $1,400 is not "an identifiable object" because Plaintiff does not provide an explanation in his Second Amended Complaint as to why he initially reported $1,000 as the missing amount in the October 31, 2008, Northbrook police report. *See Bill Marek's The Competitive Edge, Inc. v. Mickelson Grp., Inc.*, 346 Ill. App. 3d 996, 1003, 806 N.E.2d 280, 285 (2d Dist. 2004) (Illinois law requires that converted funds be capable of being described, identified, or segregated in a specific manner). In the December 10, 2013 Order, the Court directed Plaintiff to clarify this discrepancy, which Plaintiff has failed to do. Because the Court is granting Plaintiff leave to amend his conversion claim, Plaintiff will have another opportunity to explain the discrepancy or clarify the amount of money that is the basis for his conversion claim.

**Dated:** February 25, 2014                    _____
                                                  **AMY J. ST. EVE**
                                                  **United States District Court Judge**