**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID PETROVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 C 8677 |
| v. ) | |
| ) | |
| ENTERPRISE LEASING COMPANY OF ) | |
| CHICAGO, LLC, and HANS USLAR, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On December 20, 2013, Plaintiff David Petrovic, by counsel, filed a three-count Second Amended Complaint against Defendants Enterprise Leasing Company of Chicago, LLC ("Enterprise") and Hans Uslar ("Uslar"), an Enterprise Branch Manager, alleging a reverse race discrimination claim pursuant to 42 U.S.C. § 1981 in the context of a retail transaction (Count I), a state law conversion claim that the Court later dismissed (Count II), and a claim for attorney's fees under 42 U.S.C. § 1988 (Count III). After the Court granted Plaintiff's second appointed counsel's request to withdraw on October 2, 2014, Defendants filed the present motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a) as to the only remaining claim in this lawsuit, namely, Plaintiff's § 1981 reverse discrimination claim.[1] For the following reasons, the Court grants Defendants' motion for summary judgment and dismisses this lawsuit in its entirety.

---

[1] Because pro se plaintiffs who are not lawyers cannot recover attorney's fees under 42 U.S.C. § 1988, Count III is no longer pending in this matter. *See Krecioch v. United States,* 316 F.3d 684, 688 (7th Cir. 2003).

BACKGROUND

I.  **Northern District of Illinois Local Rule 56.1**

Because Petrovic has been proceeding pro se since October 2, 2014, Defendants served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2.  The notice explains the consequences of failing to properly respond to a motion for summary judgment and statement of material facts under Federal Rule of Civil Procedure 56 and Local Rule 56.1.

Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary."  *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted).  Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue."  *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).  "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)).  Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

In general, the purpose of Local Rule 56.1 statements and responses is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments.  *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material

2

facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco*, 559 F.3d at 632; *see also Frey Corp. v. City of Peoria, Ill.,* 735 F.3d 505, 513 (7th Cir. 2013).

Although courts must construe pro se pleadings liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), a plaintiff's pro se status does not absolve him from complying with the federal and local procedural rules. *See Pearle Vision, Inc. v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008); *Greer v. Board of Ed. of City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001). Specifically as the Supreme Court instructs, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

In response to Defendants' Local Rule 56.1(a)(3) Statement of Facts, Petrovic did not file a Local Rule 56.1(b)(3)(B) response, therefore, Defendants' facts are deemed as admitted. *See Perez v. Thorntons, Inc.*, 731 F.3d 699, 712 (7th Cir. 2013). Instead, Petrovic presents statements of "disputable facts" and "undisputed material facts," along with numerous documents filed as exhibits. The vast majority of Petrovic's factual statements are not supported by citations to the record. When Petrovic does cite to the record, the citations do not support the assertions he makes in his factual statements. In addition, many of Petrovic's facts are actually legal arguments. Although, it is well-established that district courts need not scour the record to search of material factual disputes, *see Diadenko v. Folino,* 741 F.3d 751, 757 (7th Cir. 2013),

3

the Court carefully reviewed all of the exhibits both parties presented in support of their factual statements.

## II.     Relevant Facts

### A.     Procedural Background

On October 30, 2012, Petrovic filed a pro se Complaint that the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2) on November 5, 2012. Petrovic then appealed, and on May 9, 2013, the United States Court of Appeals for the Seventh Circuit remanded Petrovic's reverse race discrimination claim brought under § 1981, but rejected his public-accommodation claims brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.* On remand, the Court assigned counsel on June 6, 2013, who later withdrew, and on January 8, 2014, the Court assigned replacement counsel. On October 2, 2014, the Court granted replacement counsel's request to withdraw and declined to assign counsel for Petrovic.

### B.     Factual Background

Defendant Enterprise Leasing Company of Chicago, LLC ("Enterprise") rents automobiles to individuals and businesses through its various branches in the Chicago area. (R. 109, Defs.' Rule 56.1 Stmt. Facts ¶ 1; R. 135, Pl.'s Rule 56.1 Stmt. Facts ¶ 1.) In October 2008, Defendant Hans Uslar, who is Caucasian, was the Branch Manager of the Enterprise location on Skokie Boulevard in Northbrook, Illinois ("Northbrook Branch"). (Defs.' Stmt. Facts ¶ 1; Pl.'s Stmt. Facts ¶ 1.) Plaintiff David Petrovic, who is Caucasian, is a United States citizen temporarily residing in Thailand. (Defs.' Stmt. Facts ¶ 2; Pl.'s Stmt. Facts ¶ 2.) On October 31, 2008, Petrovic unsuccessfully attempted to rent a vehicle from Uslar at Enterprise's Northbrook Branch. (Defs.' Stmt. Facts ¶ 2; Pl.'s Stmt. Facts ¶ 2.)

To limit the risk of loss when renting its vehicles, Enterprise has rental qualifications that vary depending upon the customer's payment method. (Defs.' Stmt. Facts ¶ 4.) A customer using a credit card to rent a vehicle must have a valid driver's license, a valid credit card on which Enterprise could hold a deposit equal to the anticipated cost of the rental, plus $50 minimum or a minimum of $150, and provide two contact phone numbers. (*Id.*) A customer using a debit card to rent a vehicle has to make the same deposit as a credit card customer, but with a debit card the money is actually taken from the customer's account during the rental, whereas with a credit card the deposit amount is a "hold" placed on the customer's line of credit. (*Id.* ¶ 5.) A customer using a debit card must meet additional qualifications to rent a vehicle from Enterprise, including that they must (1) have an in-state driver's license, (2) show a pay stub or verification of employment dated within two weeks of the day they want to rent a vehicle, and (3) show either a phone bill or utility bill dated within 30 days of the date they want to rent a vehicle. (*Id.*)

On October 31, 2008, Petrovic arranged for Enterprise to pick him up in an Enterprise vehicle and take him to the Northbrook Branch so he could rent a car. (*Id.* ¶ 6.) Petrovic left his briefcase and suitcase in the Enterprise vehicle while he went inside the Northbrook Branch office. (*Id.*) Once inside, Petrovic told Uslar that he wanted to rent a vehicle and that he intended to pay with a debit card because he did not have a credit card. (*Id.* ¶ 7.) Uslar then asked Petrovic for a copy of a recent pay stub. (*Id.*) Petrovic's only income is his Social Security Disability benefits that are electronically deposited each month into his account linked with his debit card. (*Id.*; Pl.'s Stmt. Facts ¶ 3.) At that time, Petrovic did not have a pay stub or other document reflecting his most recent Social Security Disability payment. (Defs.' Stmt.

5

Facts ¶ 7.)

Petrovic then stepped aside from the rental counter so that Uslar could assist two other customers. (*Id*. ¶ 8.) First, Uslar rented a vehicle to an African-American man, who used a credit card and then Uslar rented a vehicle to a Latina woman, who also used a credit card. (*Id*.) Uslar did not ask either the man or the woman to provide proof of their income or for a current phone or utility bill. (*Id*.)

Thereafter, Petrovic returned to the rental counter and Uslar agreed to let him use the branch computer in the back office to access proof of his Social Security Disability income. (*Id*. ¶ 9.) At the computer, Petrovic accessed the bank account linked to his debit card, which showed that his account balance at that time was only $4.06—well short of the required $150 deposit. (*Id*.) Petrovic had intended to rely on the $25 overdraft protection on his debit card to rent a vehicle for two days at a $9.99 per day promotional rate, after which his Social Security Disability benefits would be deposited into his account. (*Id*. ¶ 10.) According to Petrovic, Uslar told him that he could not rent a vehicle to Petrovic unless Petrovic provided a paper copy of his Social Security benefit payment because Petrovic was white and disabled, and not black and disabled. (*Id.* ¶ 12.) Petrovic testified at his deposition that Uslar made this comment to him twice at the rental counter and once in the back office. (*Id*.) After that, Petrovic left the branch office to retrieve his luggage. (*Id.* ¶ 11.)

When Petrovic went to retrieve his luggage, the vehicle containing his luggage was gone. (*Id.* ¶¶ 10, 13.) Specifically, while Petrovic was in the office with Uslar, another Enterprise employee had rented the vehicle containing Petrovic's luggage to another customer. (*Id*. ¶ 13.) The vehicle was returned shortly thereafter and Petrovic was given his luggage. (*Id*.) According

to Petrovic, when his briefcase was returned to him, approximately $1,400 was missing. (*Id.* ¶ 14.) Also, Petrovic testified that he believes the Enterprise employee (now deceased) who picked him up took the money from his luggage. (*Id.*) Petrovic, however, admitted at his deposition that he does not know who took the money, where the money went, or when it went missing. (*Id.*). Nevertheless, Petrovic then asked an Enterprise employee to give him a ride to the Northbrook police department where he filed a police report alleging that $1,000 had been taken from his briefcase. (*Id.* ¶ 15.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). A court's "job when assessing a summary judgment motion is not to weigh evidence, make credibility determinations, resolve factual disputes and swearing contests, or decide which inferences to draw from the facts."

*Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).

## ANALYSIS

In their summary judgment motion, Defendants argue that Petrovic has failed to present evidence raising a genuine factual dispute for trial that they violated his right to make and enforce contracts under § 1981. Section 1981 provides that "'[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens ....' and defines making and enforcing of contracts as 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 756 (7th Cir. 2006) (quoting 42 U.S.C. § 1981)). To survive summary judgment in the context of the refusal of retail services, Petrovic must present evidence raising a genuine factual dispute for trial that: (1) he is a member of a racial minority; (2) Defendants intended to discriminate against him based on his race; and (3) the discrimination concerned the making or enforcing of a contract. *See Pourghoraishi,* 449 F.3d at 759; *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir. 1996). In the context of a reverse discrimination claim, because Petrovic is not a racial minority, he bears the burden of establishing that Defendants had a reason or inclination to discriminate against whites or that there is something fishy about the facts at hand. *See Good v. University of Chicago Med. Ctr.,* 673 F.3d 670, 679 (7th Cir. 2012); *Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1119 (7th Cir. 2009); *Hague v. Thompson Distrib. Co.,* 436 F.3d 816, 822 (7th Cir. 2006).

Construing the facts and all reasonable inferences in Petrovic's favor—as the Court is required to do at this procedural posture—Petrovic has failed to present evidence raising a

genuine factual dispute for trial that the facts at hand are "fishy" or that Defendants have an inclination to discriminate against whites, especially because Northbrook Branch Manager Uslar is also white. *See Phelan v. City of Chicago,* 347 F.3d 679, 684–85 (7th Cir. 2003). Indeed, there is nothing "fishy" about refusing to rent a car to someone who does not qualify to do so. Petrovic's unsupported argument that Enterprise's rental qualifications discriminate against customers who live outside of the United States does not save the day because it does not speak to racial discrimination. In other words, the fact that Petrovic lives abroad does not support his reverse discrimination claim because § 1981 applies to race, not where a person lives. *See Pourghoraishi,* 449 F.3d at 756. Moreover, Petrovic's argument that Enterprise does not equally enforce its rental requirements is not supported by the record. What the record does support is that Enterprise has different requirements for customers who use credit cards versus customers who use debit cards.

Assuming that Uslar told Petrovic that he would not rent Petrovic a car because he was white and disabled and not black and disabled, Defendants have set forth a legitimate, non-discriminatory reason for refusing to rent Petrovic a car—he did not qualify due to the lack of funds in his bank account linked to his debit card and the lack of required documentation. *See Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010); *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 868 (6th Cir. 2001). In fact, at his deposition, Petrovic admitted that on October 31, 2008, the account balance linked to his debit card was $4.06. (R. 109-2, Petrovic Dep., at 59-62.) Although Petrovic repeatedly uses the word pretext in response to Defendants' explanation, he has failed to offer sufficient evidence that Defendants' explanation was a lie. *See Cung Hnin v. TOA (USA), LLC,* 751 F.3d 499, 506 (7th Cir. 2014) ("The focus of the pretext

9

inquiry is whether the proffered reason is a lie.") (citation omitted). Instead, Petrovic's arguments made in opposition to Defendants' summary judgment motion are speculative and unsupported by the record. *See Miller,* 761 F.3d at 827 ("speculation, hunches and intuition cannot defeat summary judgment"); *Good,* 673 F.3d at 675 ("guesswork and speculation are not enough to avoid summary judgment."). Accordingly, the Court grants Defendants' summary judgment motion.

## CONCLUSION

For these reasons, the Court grants Defendants' motion for summary judgment and dismisses this lawsuit in its entirety.

**Dated:** February 11, 2015

                                                  ENTERED

                                                  **AMY J. ST. EVE**
                                                  **United States District Court Judge**